UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RODNEY RYAN GRAVES and
DEALVA SIMMONS GRAVES,

    Plaintiffs,

v.

SAMUEL I. WHITE,
WILLIAM A. WHITE,
ERIC D. WHITE,
SAMUEL I. WHITE, P.C. and
CYNTHIA CALLAHAN,

    Defendants.

Civil Action No. TDC-16-1067

## MEMORANDUM OPINION

On April 11, 2016, Plaintiffs Rodney Ryan Graves ("Mr. Graves") and DeAlva Simmons Graves ("Ms. Graves"), who are self-represented, filed a Complaint against Defendants Samuel I. White, William A. White, Eric D. White, Samuel I. White, P.C., and Judge Cynthia Callahan of the Circuit Court for Montgomery County, Maryland. Plaintiffs allege that Defendants committed various constitutional and civil rights violations in connection with state court foreclosure proceedings in which all parties were involved. Presently pending before the Court are Plaintiffs' Emergency Motion for Issuance of Summons and Emergency Motion for Hearing on Docket Entries 2, 3, and 4. For the reasons that follow, the Court lacks jurisdiction over Plaintiffs' Complaint. The Complaint is therefore DISMISSED, and the Motions are DENIED AS MOOT.

**BACKGROUND**

**I.     State Court Proceedings**

According to the Maryland Judiciary Case Search website, of which this Court takes judicial notice pursuant to Federal Rule of Evidence 201, on April 26, 2013, a foreclosure action was filed against Ms. Graves in the Circuit Court for Montgomery County, Maryland. *See O'Sullivan, v. Graves*, No. 376661V (Montgomery Cty. Cir. Ct. Apr. 26, 2013), *available at* http://casesearch.courts.state.md.us/casesearch/. An attorney at the Virginia Beach, Virginia law firm of Samuel I. White, P.C. is counsel for the plaintiffs in the foreclosure action. At several points during the state court proceedings, Plaintiffs filed joint motions, even though Ms. Graves was the only named party in the action.

On December 1, 2014, the sale of the Property was reported. On January 8, 2015, Ms. Graves filed exceptions to the foreclosure, and on January 26, 2015, she filed a motion for an injunction. On March 30, 2015, the circuit court (Callahan, J.) denied both the exceptions and the motion.

On April 10, 2015, the circuit court (Callahan, J.) issued an order ratifying the sale of the property. An auditor's report of the property was issued on June 1, 2015, to which Ms. Graves filed exceptions on June 18, 2015. The circuit court (Debelius, J.) entered a final order of ratification on the auditor's report on June 25, 2015. On March 15, 2016, OWB REO, LLC, which the circuit court docket lists as an "other party" to the litigation, *id.*, filed a motion for judgment awarding possession. On April 8, 2016, Ms. Graves filed her opposition to the motion along with a motion to strike. On April 18, 2016, the circuit court granted OWB REO, LLC's motion, and on June 7, 2016, Ms. Graves was evicted from the Property.

## II. The Complaint

Construed liberally, the Complaint alleges violations of the United States Constitution and Maryland Declaration of Rights arising from a foreclosure action in the Circuit Court for Montgomery County relating to a property located on Heather Avenue in Takoma Park, Maryland ("the Property"). The Complaint asserts claims against Judge Callahan, who presided over some of the foreclosure proceedings, and against Samuel I. White, William A. White, Eric D. White, and Samuel I. White, P.C. ("the Samuel I. White, P.C. Defendants"), who Plaintiffs claim "initiated a wrongful foreclosure." See Compl. at 9, ECF No. 1.

With respect to Judge Callahan, Plaintiffs dispute her finding that Mr. Graves had no standing to appear on his or Ms. Graves's behalf in the foreclosure action and note that they filed a grievance against Judge Callahan with the Commission on Judicial Disabilities, which the Commission dismissed. Plaintiffs allege that Judge Callahan exceeded her authority in rendering this decision and "intentionally disregarded [Plaintiffs'] protected constitutional and civil Rights 'because of their race and color'" Id. at 7.

As for the Samuel I. White, P.C. Defendants, Plaintiffs claim that they wrongfully purchased the Property. Plaintiffs allege that the Samuel I. White, P.C. Defendants initiated a wrongful foreclosure action against Ms. Graves, that the alleged foreclosure purchase was not a "true arm's length transaction," and that they lacked authority to delegate a substitute trustee to institute foreclosure. Id. at 9. Plaintiff also take issue with the veracity of an affidavit submitted by an attorney, as well as the existence of a legal contract and the enforcement of default in the foreclosure action. In sum, Plaintiffs' claims arise from various actions and inactions taken during and in relation to the foreclosure action.

## DISCUSSION

This Court lacks subject matter jurisdiction to hear the Graves' claims. Federal courts are courts of limited jurisdiction and generally may hear only claims that arise under federal law or meet the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331, 1332 (2012); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999); Fed. R. Civ. P. 12(h)(3). "Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern*, 190 F.3d at 654.

As a preliminary matter, the Graves have alleged that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, the parties in this case are not diverse; Plaintiffs have alleged that both they and Judge Callahan are residents of Maryland. *See* 28 U.S.C. § 1332(a)(1). Therefore, there is no diversity jurisdiction in this case. *See* 28 U.S.C. § 1332.

Moreover, and crucially, this Court lacks jurisdiction over the Complaint under the *Rooker–Feldman* doctrine. *See generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker–Feldman* doctrine bars federal courts from reviewing state court judgments. *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). If applicable, the *Rooker–Feldman* doctrine prevents the Court from exercising subject matter jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). The *Rooker–Feldman* doctrine bars consideration of

"not only issues raised and decided in the state courts, but also issues that are inextricably intertwined with the issues that were before the state court" when "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Washington*, 407 F.3d at 279 (internal citations and quotation marks omitted).

The *Rooker–Feldman* doctrine applies here. This action is plainly based upon the foreclosure proceedings in the circuit court and Plaintiffs' disagreement with that court's decisions. Plaintiffs allege that "Judge Callahan acts in variance with her public duties" and that she "acted in clear absence of all jurisdiction." Compl. at 3, 15. The defendants in this case are either judges or attorneys involved in the state court foreclosure case, and the exhibits attached to the Complaint consist of documents from the circuit court proceedings, including court orders and hearing transcripts.

To the extent the Graves raise claims that do not directly seek to overturn the circuit court's decisions, such claims are "inextricably intertwined" with the state court ruling and thus barred by the *Rooker–Feldman* doctrine. *See Washington*, 407 F.3d at 279. For example, to decide that the Samuel I. White, P.C. Defendants submitted a false affidavit would require the Court to reverse the circuit court's decision to accept that affidavit, which is barred under the doctrine. *See Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 236 (4th Cir. 2013). Likewise, to decide that the Samuel I. White, P.C. Defendants wrongfully brought a foreclosure action against them would require the Court to reverse several of the circuit court's decisions to allow the proceedings to move forward, and to decide that they made false and defamatory statements in bringing the foreclosure action would require the Court to reverse the same circuit court decisions. Finally, any claim that Judge Callahan made decisions on a discriminatory basis

would necessarily require a finding that the decisions were, in fact, incorrect. Because Plaintiffs' allegations against the Samuel I. White, P.C. Defendants are "inextricably intertwined" with the state court rulings, and thus barred by the *Rooker–Feldman* doctrine, the Court lacks subject matter jurisdiction over this action.[1] *See Washington*, 407 F.3d at 279.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Complaint is DISMISSED, their Emergency Motion for Issuance of Summons is DENIED AS MOOT, and their Emergency Motion for Hearing on Docket Entries 2, 3, and 4 is DENIED AS MOOT. A separate Order shall issue.

Date: August 16, 2016

THEODORE D. CHUANG
United States District Judge

---

[1] The Court also notes that, even if subject matter jurisdiction existed, the claims against Judge Callahan, which relate to her role as a judge, would be subject to dismissal under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).